## Ball v. Ball.

(Decided January 9, 1925.)

Appeal from Harlan Circuit Court.

1. Divorce—Property Held by Husband as Trustee for Daughter Considered in Computing Wife's Alimony.—Where husband without good reason, disclaimed paternity of youngest child and boasted that neither she nor wife should share his property, and had certain property conveyed to himself as trustee for older daughter, held, in allowing alimony, such property should be considered.

2. Divorce—Allowance of Support Money for Child Subject to Control of Chancellor.—Allowance of money to divorced wife for support of infant daughter is subject to control of chancellor.

3. Divorce—$350.00 Attorney's Fee Held Reasonable.—Where issues in divorce action were simple, the witnesses few, and all proof taken within three days, and within county, allowance to wife of $350.00 attorney's fee held reasonable.

R. L. POPE and F. L. HUFF for appellant.

J. S. FORSTER and ACREE & BAKER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In this action the wife was granted a divorce and alimony, but not being satisfied with the amount of the latter, has appealed.

Appellant's right to a divorce upon the ground of cruel and inhumane treatment is clearly established, as is the fact that throughout the time the parties lived together as husband and wife, about sixteen years, she contributed materially to the accumulation of the property here involved, consisting wholly of real estate.

John Ball, the defendant, as trustee of the elder of his two daughters, Mary Ball, has title to real estate worth $15,000.00. He holds title in his own name to other real estate reasonably worth $6,350.00, and property conveyed to the wife is worth $5,200.00. These values are as fixed by the chancellor, and will be accepted as correct, since in our judgment they are sustained by the evidence.

It is admitted that the wife, from funds furnished by her father, contributed $500.00 toward the improvement of property deeded to her. The chancellor, finding as a fact that the husband paid the consideration for this property and other sums expended in its improvement, ordered its reconveyance to him upon his repayment to his wife of the $500.00 paid by her and the payment to her of $4,700.00 allowed her as alimony. Such an allowance to her would have been ample if, as seems to have been the view of the court, only the property standing in the name of the husband and wife is to be considered, since of that property, valued at $11,050.00, she is given $4,700.00. But in our judgment the value of a part of the property standing in the name of the defendant as trustee of his daughter Mary must be taken into consideration in estimating the amount of alimony to which the wife is entitled.

Although defendant continued to live with his wife for more than three years after the birth of their younger

daughter, he denied in his testimony that he is her father, and stated that he intends that his elder daughter, Mary, shall have every bit of his property and that neither his wife nor the younger daughter shall ever have any of it if he can prevent it.

The charge of infidelity against the wife, as we believe and as the chancellor found, is wholly unfounded, and that charge considered in connection with his boast that neither his wife nor his younger daughter shall ever have any of his property if he can prevent it, leads irresistibly to the conclusion that he had the title conveyed to himself as trustee for his elder daughter—to a considerable part of the property so conveyed, which was bought and paid for by him while living with his wife—in an effort to make good his threat that neither his wife nor younger daughter should share in his estate.

The adage that "A man must be just before he can be generous," is as applicable in the adjustment of his wife's just claims against him as in the settlement of the just claims of his creditors.

Since the filing of this action, the elder daughter, though only 15 years of age, has married, and the defendant has turned over to her a small portion of the property to which he holds title as her trustee, and it may be possible that he intends, or cannot prevent, that she shall have the entire beneficial interest in the rest of the property so held by him. But be this as it may, we are convinced that in estimating the wife's alimony this property must be given some consideration, and considering all the facts and circumstances, we have concluded that she should have been allowed the sum of $6,000.00 as alimony, and, in addition, the $500.00 which she paid upon the property restored to defendant.

Complaint is also made of the allowance to her of only $20.00 per month for the support of the younger daughter, and of $350.00 for attorney's fees. The former seems adequate at present, and is subject to the control of the chancellor, and the latter appears to be reasonable. The issues were simple, the witnesses few, and all the proof was taken in three days and in the county.

Hence the judgment of the chancellor in these respects will not be disturbed. But, for the reasons assigned, the judgment upon the question of alimony is reversed, for correction as herein indicated.